UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BCBSM, Inc., as fiduciary on behalf of
the RBC-USA Health and Welfare Benefit Plan,
d/b/a Blue Cross and Blue Shield of Minnesota,

Plaintiff,

v.

Civil No. 14-1901 (JNE/TNL)
ORDER

Roger Vazquez, individually and as a personal
Representative of the Estate of Sylvia Vasquez,
Christopher Larmoyeux, as a stakeholder only, and
Larmoyeux & Bone, as stakeholder only,

Defendants.

This matter is before the Court on a motion for a temporary restraining order ("TRO") filed by Plaintiff BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota, as fiduciary on behalf of the RBC-USA Health and Welfare Benefit Plan ("Blue Cross"). ECF No. 5. Blue Cross filed the complaint in this action against "Roger Vasquez, individually and as personal representative of the Estate of Sylvia Vasquez, Christopher Larmoyeux, as a stakeholder only, and Larmoyeux & Bone, as stakeholder only." ECF No. 1. According to the verified complaint, Blue Cross is the Claims Administrator and a fiduciary of a RBC-USA Medical Program ("Program") covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* The complaint alleges that Sylvia Vazquez was a participant in that Program, was injured in a medical malpractice occurrence, and the Program paid medical benefits on her behalf in the amount of $373,986.42 in connection with the occurrence. The plan governing the Program included a provision for a right of subrogation and obligation of reimbursement under which Plaintiff alleges it is entitled to receive payment out of certain funds

1

that Defendants have received in settlement of claims relating to the medical malpractice occurrence.

Plaintiff alleges that the funds at issue are in the possession of Defendants Larmoyeux and Larmoyeux & Bone, PL. Plaintiff seeks a TRO, contending that the funds are at imminent risk of being placed beyond the Court's ERISA jurisdiction. Plaintiff's papers, filed the afternoon of June 13, 2014, indicate that Defendant Larmoyeux would not agree to hold the funds beyond 3 p.m. CDT on June 13, 2014.

The Court scheduled an emergency telephonic hearing and directed Plaintiff's counsel to make every effort to include a member of the Defendant law firm on the call. Mr. Larmoyeux was on the 2:20 p.m. call, although he did not have prior notice of the complaint or an opportunity to prepare.[1] Consequently, in order to allow time for further consideration of the issues for the Court and the Defendants, the Court has scheduled a hearing for Wednesday, June 18, 2014 at 10 a.m. Nonetheless, in light of the absence of an agreement for the funds to remain in the possession of Defendants Larmoyeux and Larmoyeux & Bone, PL, the Court finds a TRO is warranted.

A court must weigh four factor in deciding whether to grant a TRO: (1) the movant's likelihood of success on the merits; (2) the potential for irreparable harm to the movant in the absence of the order; (3) the balance between this harm and the injury that granting the order will inflict on the party that is enjoined; and (4) the public interest. *Dataphase Sys. v. C L Sys.*, 640 F.2d 109, 112 (8th Cir. 1981). The Court finds that these factors weigh in favor of granting the TRO. The evidence presently before the Court provides enough support at the present stage for

---

[1] A declaration filed with the TRO motion indicated Plaintiff's concern about triggering dissemination of the funds if Defendants received prior notice. Although Mr. Larmoyeux was able to participate in the telephonic hearing, this order is effectively one under Federal Rule of Civil Procedure 65(b)(1)(B), without notice to all defendants.

Plaintiff's claim on its merits. The dissemination of the settlement funds in possession of Defendants Larmoyeux and Larmoyeux & Bone, PL, would likely result in irreparable harm to Plaintiff, as it may be unable to pursue the remedies available in an action pursuant to 29 U.S.C. § 1132(a)(3). *See generally Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356 (2006) (discussing circumstances under which relief may be foreclosed). The present order preserves the status quo until a contested hearing may be had. The Court has scheduled a hearing to allow Defendants to prepare and present their position on the propriety of continuing this injunction. The parties may of course apply to the Court for a modification of the June 18, 2014, hearing date. Finally, the public interest in the efficient administration of justice weighs in favor of granting a TRO.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's motion for a temporary restraining order [Docket No. 5] is GRANTED.

2. Defendants Larmoyeux and Larmoyeux & Bone and all those in active concert or participation with defendants are ORDERED not to dispose of any portion of the disputed $373,986.42 in their control until June 27, 2014, unless otherwise ordered by the Court.

3. Plaintiff must post a bond with the Clerk of Court in the amount of $5,000 no later than Tuesday, June 17, 2014.

4. Plaintiff must serve this order on all Defendants as soon as possible.

5. The Court will hear oral argument on Wednesday, June 18, 2014, at 10 a.m.

Dated:   June 13, 2014

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge