DISTRICT OF MINNESOTA

BCBSM, Inc., as fiduciary on behalf of
the RBC-USA Health and Welfare Benefit Plan,
d/b/a Blue Cross and Blue Shield of Minnesota,

                        Plaintiff,

v.                                                          Civil No. 14-1901 (JNE/TNL)
                                                            ORDER

Roger Vazquez, individually and as a personal
Representative of the Estate of Sylvia Vasquez,
Christopher Larmoyeux, as a stakeholder only, and
Larmoyeux & Bone, as stakeholder only,

                        Defendants.

Plaintiff Blue Cross and Blue Shield of Minnesota filed this action and a motion for a "temporary restraining order and, upon notice and hearing, preliminary injunction" on June 13, 2014. ECF Nos. 1, 5. The Court held a hearing the same day and granted the temporary restraining order at the hearing.[1] A written order ("June 13, 2014, Order") followed. ECF No. 14. The Court scheduled a contested hearing on the propriety of preliminary injunctive relief for 10 a.m. on June 18, 2014, and confirmed that the parties could request a later date. *See id.* at 3. No request having been received, the hearing took place as scheduled. Defendant Larmoyeux appeared at the June 18, 2014, hearing by telephone, on his own behalf only and in a pro se capacity. Prior to the hearing, Defendant Larmoyeux filed various materials in opposition to Plaintiff's request for injunctive relief. Having considered those materials and Defendant Larmoyeux's argument at the June 18, 2014, hearing the Court grants Plaintiff's request for preliminary injunctive relief, but will revisit its propriety after the parties have a chance to

---

[1] The Court had directed Plaintiff to attempt to secure participation of a representative from the law firm Defendant Larmoyeux & Bone for the June 13, 2014, hearing. Christopher Larmoyeux participated in the hearing, but lacked prior notice or an opportunity to prepare.

1

conduct initial discovery and assemble a more thorough presentation of their positions as specified below.

The June 13, 2014, Order instructed Defendants not to dispose $373,986.42 of certain disputed funds. According to the verified complaint, Plaintiff is the claims administrator and fiduciary of a component of a benefits plan—the RBC-USA Medical Program—covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* The complaint alleges that under the terms of the applicable Summary Plan Description, the plan is entitled to reimbursement of $373,986.42 for funds that it paid out to a plan participant, Sylvia Vazquez, who was injured in a medical malpractice occurrence. According to the complaint, on information and belief, Defendant Roger Vazquez settled the malpractice claim, as representative of the Estate of Sylvia Vazquez, for $490,000 with the assistance of Defendants Larmoyeux and Larmoyeux & Bone. The complaint alleges that Defendants are in possession of those funds. Plaintiff filed this action pursuant to 29 U.S.C. § 1132(a)(3) seeking "equitable relief, including, but not limited to, equitable lien by agreement, equitable lien to enforce ERISA and the terms of the Program, restitution, and imposition of a constructive trust with respect to" the $373,986.42. ECF No. 1 at 7-8.

Defendant Larmoyeux raises two challenges to Plaintiff's request for preliminary injunctive relief. First, he filed a motion to dismiss the complaint "on the grounds that this Court lacks in personam jurisdiction over all named Defendants." ECF No. 29 at 1. The complaint avers, on information and belief, that each Defendant resides or is located in Florida. In support of its claim that jurisdiction and venue are proper, the complaint cites 29 U.S.C. § 1132(e)(2) and states that Plaintiff administers the plan in this district and all Defendants reside or may be found within the United States. Section 1132(e)(2) allows an action pursuant to 29 U.S.C. § 1132(a)(3)

to be brought in the district where the plan is administered and provides that "process may be served in any other district where a defendant resides or may be found." Plaintiff points to § 1132(e)(2) as a basis for asserting personal jurisdiction over Defendants, all of whom are based in Florida.

The Eighth Circuit does not appear to have directly addressed whether § 1132(e)(2) suffices to confer personal jurisdiction over a defendant with minimum contacts to the United States, without regard to the defendant's connection to the forum state.[2] But the majority of other circuits deciding the issue have found that it does. *See, e.g.*, *Med. Mut. v. DeSoto*, 245 F.3d 561, 567 (6th Cir. 2001) ("[W]e reaffirm our holding that Congress has the power to confer nationwide personal jurisdiction; and we hold that it conferred such jurisdiction under § 1132(e)(2) on the district court where the plan is administered."); *see Board of Trustees v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035-36 (7th Cir. 2000) (listing cases from the First, Second, and Fifth Circuits that found nationwide personal jurisdiction conferred by § 1132(e)(2) and agreeing with them). *But see Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209-13 (10th Cir. 2000) (holding that due process protections of the Fifth Amendment must be considered). And in a case dealing with a provision for nationwide service in the context of the Federal Rules of Bankruptcy Procedure, the Eighth Circuit has held that the provision allowed for a constitutional exercise of personal jurisdiction over a defendant having minimum contacts with the United States, irrespective of the defendant's contacts with the forum state. *Warfield v. KR Entm't (In*

---

[2]   In *Administrative Committee of the Wal-Mart Stores, Inc. v. Soles*, 336 F.3d 780, 786 (8th Cir. 2003), the Eighth Circuit affirmed the district court's dismissal of an ERISA claim as time-barred. Although the district court had earlier found that § 1132(e)(2) provided for nationwide personal jurisdiction based on contacts with the United States, *Admin. Comm. of the Wal-Mart Stores, Inc. v. Soles*, 204 F. Supp. 2d 1184, 1185 (W.D. Ark. 2002), that was not an issue addressed by the Eighth Circuit on appeal.

*re Federal Fountain)*, 165 F.3d 600 (8th Cir. 1999).  Consequently, the Court concludes that 29 U.S.C. § 1132(e)(2) renders its exercise of personal jurisdiction in this case proper.[3]

Defendant Larmoyeux's second challenge is to the merits.  He disputes that Plaintiff has shown that temporary injunctive relief is warranted under the four-factor analysis called for by *Dataphase Systems, Inc. v. C L Systems*, *Inc*. 640 F.2d 109, 112 (8th Cir. 1981).  Having considered Defendant Larmoyeux's arguments, the Court is satisfied that the status quo, as set forth in the June 13, 2014, Order, should be preserved for the time being.  Defendant Larmoyeux questions the likelihood of Plaintiff's success on the merits on the ground that the plan's payments cannot be traced to the malpractice occurrence.  But he does not dispute that the payments listed on the exhibit to the complaint were made by an ERISA plan administered by Plaintiff to a plan participant or that the disputed funds were received in settlement of the participant's medical malpractice claim.  The existence of the settlement strongly supports an inference that the settlement funds were paid in compensation for harm to the participant resulting from the occurrence.  At this stage there is sufficient evidence of a likelihood of success

---

[3] Personal jurisdiction pursuant to 29 U.S.C. § 1132(e)(2) depends upon service of process. The law firm Defendant Larmoyeux & Bone and Defendant Vazquez have been served.  ECF Nos. 39-40.  Defendant Larmoyeux may not yet have been served, despite having been permitted to appear to this point.  He maintains that he is representing himself, but has not consented to service.  It should, perhaps, go without saying that Mr. Larmoyeux cannot speak for the defendant firm unless he appears as counsel for it.  He also cannot simultaneously appear in court purporting to represent himself and refuse to agree to, or accept, service.  This Court has been willing to all him to appear thus far.  The Court assumes that the urgency of the matter has prevented Mr. Larmoyeux from seeking pro hac vice admittance and entering an appearance for his firm or executing a consent to service.  He may not continue to appear "pro se" without being served.  To date the law firm has not responded, despite having been served and having received actual notice through its member, Mr. Larmoyeux.  In addition, telephonic hearings are very much the exception in this district.  The parties should not assume from the fact that such hearings have been permitted in the past week that future hearings will not be held in person and in open court.

on the merits of Plaintiff's claim that under the plan terms identified by the complaint, the plan would be entitled to the disputed funds.

Moreover, consideration of the potential for irreparable harm to Plaintiff as well as the balance of harms strongly favors maintaining the status quo. Because the remedies available in the present action sound in equity, an adequate remedy at law would be unavailable to Plaintiff if the disputed funds are dispersed. *See Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356 (2006). Defendant Larmoyeux has not identified any countervailing harm likely to befall Defendants as a result of a preliminary injunction. Accordingly, the Court concludes that preliminary injunctive relief is warranted based on the submissions presently before it.

Nonetheless, the proceedings to date persuade the Court of the advisability of revisiting the propriety of the preliminary injunction after the parties have a chance to conduct initial discovery and to assemble comprehensive support for their positions. At the June 18, 2014, hearing and in a motion to compel, Defendant Larmoyeux communicated a need for some discovery that he contended would impact the *Dataphase* analysis. At the hearing, both sides referenced information not presently in the record that could also factor into the analysis. Moreover, in initial discussions with the magistrate judge, Plaintiff and Defendant Larmoyeux communicated a willingness to maintain the status quo to allow for expedited discovery followed by another hearing. Therefore, the Court will schedule another hearing to revisit the propriety of a preliminary injunction on August 11, 2014, at 2 p.m. The magistrate judge will oversee the expedited discovery necessary[4] and issue a briefing schedule for the August 11, 2014,

---

[4] Even at this early stage, there are ominous indications that the parties will have difficulty agreeing on the timing and necessity of discovery. Defendant Larmoyeux filed a motion to compel a deposition in advance of the June 18, 2014 hearing. *See* ECF No. 32. To the extent the deposition continues to be sought, the motion should be addressed with the magistrate judge along with any other early discovery matters.

preliminary injunction hearing.  At that time, Plaintiff will bear the usual burden, unaffected by the granting of injunctive relief by this order, of establishing the propriety of a preliminary injunction.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's motion for a preliminary injunction [Docket No. 5] is GRANTED.

2. Defendants and all those in active concert or participation with Defendants are ORDERED not to dispose of any portion of the disputed $373,986.42 in their control until otherwise ordered by the Court.

3. Defendant Larmoyeux's motion to dismiss for lack of personal jurisdiction [Docket No. 29] is DENIED.

4. Plaintiff is ORDERED to personally serve or otherwise provide actual notice of this order to Defendants.

5. The bond of $5,000 posted by Plaintiff will remain in place.

6. The Court will conduct a preliminary injunction hearing on August 11, 2014, at 2 p.m.

Dated: June 20, 2014

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge